UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRINE JOHNSON, Individually and on behalf of all other persons similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>TASTY DELICIOUS WEST INDIAN BAKERY & RESTAURANT INC. and MARK LAWRENCE, Jointly and Severally,<br><br>                    Defendants. | ECF CASE<br><br>No.:<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Patrine Johnson hereby alleges through her attorneys, Lipsky Lowe LLP, as against Defendants Tasty Delicious West Indian Bakery & Restaurant Inc. ("Tasty Delicious") and Mark Lawrence as follows:

NATURE OF THE ACTION

1.      Defendant Tasty Delicious West Indian Bakery & Restaurant Inc. operates a chain of Jamaican and West Indian restaurants across New York City, with locations in Brooklyn and Queens. Defendant Mark Lawrence owns and operates the business and is responsible for its day-to-day management, including setting employee compensation and work schedules. Defendants employ non-exempt workers in operational roles, including supervisors, cashiers, and other restaurant staff, who are responsible for serving customers, handling cash, restocking, cleaning, and performing closing duties. These employees are paid on a flat daily cash basis and are required to work shifts that regularly extend beyond their scheduled hours.

2.      Plaintiff Johnson worked for Defendants at their locations in Brooklyn, New York.

3. Plaintiff alleges on her behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by failing to pay overtime premium pay.

4. Plaintiff alleges on her behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23(a) and (b), that Defendants willfully violated the New York Labor Law ("NYLL") by: (i) failing to pay the minimum wage; (ii) failing to pay overtime premium pay; (iii) failing to pay spread of hours compensation; (iv) failing to provide the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1; and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

## JURISDICTION, VENUE, JURY DEMAND & LEAVE TO AMEND

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2).

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Johnson was, at all relevant times, an adult individual residing in Brooklyn, New York.

9.      Defendant Tasty Delicious West Indian Bakery & Restaurant Inc. is a domestic business corporation organized under the laws of the State of New York, with its principal place of business located at 1096 Rutland Road, Brooklyn, New York 11212. Defendant operates numerous restaurant locations across New York, including at Avenue A and Livonia Avenue in Brooklyn, New York.

10.     Defendant Tasty Delicious is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Tasty Delicious is engaged in commerce or in the production of goods for commerce because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, including food, beverages, packaging materials and cooking equipment, and, upon information and belief, its annual gross volume of business is at least $500,000.

11.     Defendant Lawrence, upon information and belief, is the owner and operator of Defendant Tasty Delicious and responsible for its day-to-day operations and management and jointly employed Plaintiff at all relevant times. He had the authority to hire and fire employees, set their work schedule and pay.

12.     Defendant operates restaurant locations at 1096 Rutland Road, Brooklyn, New York 11212; 9001 Avenue A, Brooklyn, New York 11236; 9211 Ditmas Avenue, Brooklyn, New York; 621 Livonia Avenue, Brooklyn, New York; 240-11 Linden Boulevard, Queens, New York; and 1397 Rockaway Avenue, Brooklyn, New York 11236.

13.     Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled Plaintiff's work schedule and employment conditions,

determined their payment rate and method, and kept at least some records regarding their employment.

STATEMENT OF FACTS

Plaintiff's Job Duties and Hours

14.    Defendants employed Plaintiff Johnson from approximately March 24, 2024 through June 21, 2025, at multiple locations, including the Avenue A and Livonia Avenue locations in Brooklyn, New York.

15.    Plaintiff Johnson was given the title of "Supervisor"; however, her actual duties did not include the authority to hire or fire employees, create schedules, or make independent management decisions.

16.    Plaintiff Johnson's actual duties were primarily operational in nature, including working alongside regular staff, performing cashier reconciliation, restocking, cleaning, securing money in the safe, supervising closing procedures, and waiting for management to collect cash deposits from the restaurant.

17.    Plaintiff Johnson spent nearly all of her working time engaged in physical and operational labor.

18.    Plaintiff Johnson did not have supervisory authority over other employees within the meaning of the FLSA or the NYLL.

19.    Upon information and belief, Defendants employed a significant number of non-exempt employees at their various New York locations who were subject to the same policies and practices as Plaintiff Johnson, including approximately 16 employees at the Avenue A location and approximately 13 employees at the Livonia Avenue location, and a comparable number of employees at each of Defendants' remaining four locations.

Plaintiff's Hours Worked

20.    During the period from approximately March 24, 2024 through February 15, 2025, Plaintiff Johnson worked approximately 6 days per week.

21.    Beginning on or about February 16, 2025 through June 21, 2025, Plaintiff Johnson worked approximately 5 days per week.

22.    Plaintiff Johnson's scheduled shifts typically ran from approximately 2:00 p.m. to 10:00 p.m. However, Plaintiff Johnson was consistently required to remain after her scheduled shift end time to complete closing duties, including cashier reconciliation, restocking, cleaning, securing money in the safe, and waiting for management to collect cash deposits, particularly on Saturday nights.

23.    As a result of these additional duties, Plaintiff Johnson's actual departure time was regularly approximately 11:30 p.m. to midnight or later, resulting in actual daily hours worked of approximately 9.5 to 10 hours or more.

24.    Plaintiff Johnson's workdays regularly spanned more than 10 hours from start to finish.

25.    Defendants did not maintain a clock-in/clock-out system or any other policy or practice to accurately track the hours that Plaintiff Johnson and similarly situated employees worked.

26.    Defendants did not pay Plaintiff Johnson for her post-shift activities, including cashier reconciliation, restocking, cleaning, securing money in the safe, and waiting for management to collect cash deposits.

27.    Plaintiff Johnson would not have been able to perform her duties absent performing these post-shift tasks.

28.    Defendants were aware that Plaintiff Johnson was working after her scheduled shift because management regularly instructed her to complete these tasks and observed her doing so.

Plaintiff's Compensation

29.    From in or about March 24, 2024 through in or about July 2024, approximately the first three months of Plaintiff's employment, Defendants paid Plaintiff Johnson a flat daily rate of $90.00 per day.

30.    During this period, based on actual hours worked of approximately 9.5 to 10 hours per day, her effective hourly rate ranged from $9.00 to $9.47 per hour, well below the New York State minimum wage of $16.00 per hour.

31.    Starting in or around July 2024, Plaintiff Johnson's daily rate was increased to $100.00 per day. Based on actual hours worked of approximately 9.5 to 10 hours per day, her effective hourly rate ranged from $10.00 to $10.53 per hour, well below the New York State minimum wage of $16.00 per hour.

32.    In or around April 2025, Plaintiff Johnson's daily rate increased to $136.00 per day. Based on actual hours worked of approximately 9.5 to 10 hours per day, her effective hourly rate ranged from $13.60 to $14.32 per hour, well below the New York State minimum wage of $16.50 per hour.

33.    Plaintiff Johnson was paid in cash on a weekly basis throughout her employment.

34.    Defendants did not pay Plaintiff Johnson overtime premium of 1.5 times her regular rate of pay for hours worked in excess of 40 per week.

35.     From speaking with other employees and personal observations, Plaintiff Johnson knows that other similarly situated employees were paid in cash at a flat daily or weekly rate, were not paid overtime, and were not paid for all hours worked.

Willful Violations

36.     Defendants' failure to pay the statutory minimum wage and overtime was willful. Defendants knowingly paid Plaintiff Johnson and similarly situated employees a flat daily cash rate without regard to hours worked, despite being aware that such employees regularly worked in excess of 40 hours per week.

37.     Through their many years of operating restaurants, Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

38.     Defendants paid Plaintiff Johnson entirely in cash and provided no pay stubs, wage statements, or written wage notices explaining her rate of pay, overtime rate, or payday — omissions that establish that Defendants acted willfully in failing to comply with the FLSA and NYLL.

39.     Defendants structured Plaintiff Johnson's compensation as a flat daily cash rate without regard to hours worked, despite being aware that she regularly worked in excess of forty (40) hours per week, demonstrating that Defendants intentionally minimized labor costs by knowingly violating the FLSA.

40.     Defendants failed to maintain accurate and complete time records that would have reflected the hours Plaintiff Johnson worked, further evidencing their willful disregard of their legal obligations.

-7-

41.     Defendants were on notice that Plaintiff Johnson regularly remained after her scheduled shift to complete closing duties, as management instructed her to do so and observed her performing these tasks, yet Defendants took no steps to compensate her for this time.

42.     Plaintiff Johnson's work was clearly not executive, administrative, or professional in nature — her duties consisted of cashier reconciliation, restocking, cleaning, and securing cash — and Defendants' classification of her as a "Supervisor" exempt from overtime protections was willful and without legal basis.

43.     Defendants have not made a good faith effort to comply with the FLSA or the NYLL with respect to Plaintiff's and the Class and Collective Members' compensation.

Labor Law Notice Violations

44.     Defendants did not provide Plaintiff Johnson with a written wage notice at the time of her hiring, and at no point during her employment, as required by N.Y. Lab. Law § 195.1.

45.     Defendants did not provide Plaintiff Johnson with itemized wage statements or pay stubs with any wage payment throughout her employment, as required by N.Y. Lab. Law § 195.3.

46.     From speaking with other employees and personal observations, Plaintiff Johnson knows that other similarly situated employees were likewise not provided with the § 195.1 notice and were paid in cash without any wage statement.

47.     Because Plaintiff Johnson was paid in cash with no wage statement, she had no written record reflecting her hours worked, her rate of pay, or her total compensation, making it impossible for her to verify whether she was being paid lawfully.

48.    Because Defendants did not provide Plaintiff Johnson with a wage notice at the time of hiring, she was unaware of her legal right to receive an hourly wage and overtime pay, and instead accepted a flat daily cash rate without knowing it violated the law.

49.    Had Plaintiff Johnson received an itemized wage statement reflecting her actual hours worked and effective hourly rate, she would have immediately recognized that her compensation fell below the applicable New York State minimum wage and taken steps to recover her unpaid wages sooner.

50.    Upon information and belief, Defendants failed to post, in a conspicuous place upon its premises, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and 12 N.Y.C.R.R. §§ 137-2.3 et seq.

CLASS ACTION ALLEGATIONS

51.    Plaintiff Johnson asserts these allegations and claims on her own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed as non-exempt employees at any of its New York locations at any time from July 17, 2020 to the entry of judgment in this case (the "Class Members").

52.    The Class Members identified above are so numerous that joinder of all Members is impracticable. Although the precise number of them is unknown to Plaintiff and Defendants have sole control of the facts necessary to calculate the actual number, Plaintiff estimates, upon information and belief, at least 50 Class Members exist.

53.    Plaintiff Johnson's claims are typical of the Class Members', and a class action is superior to other available methods for fairly and efficiently adjudicating the

controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

54.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

55.     Plaintiff Johnson is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

56.     Plaintiff Johnson has the same interest in this matter as all other Class Members and her claims are typical of the Class Members'.

57.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.   whether Defendants employed Plaintiff and the Class Members, individually or jointly, within the meaning of the Labor Law;

b.   whether Defendants failed to keep true and accurate time records for all hours Plaintiff and the Class Members worked;

c.   what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.   whether Defendants failed or refused to pay the Class Members the statutory minimum wage;

e.  whether Defendants failed or refused to pay the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

f.  whether Defendants failed to pay spread of hours compensation to the Class Members;

g.  whether Defendants failed to provide the Class Members with a wage statement with every wage payment as N.Y. Lab. Law § 195.3 requires;

h.  whether Defendants failed to provide the Class Members with the required notice under N.Y. Lab. Law § 195.1;

i.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

j.  whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

k.  whether Defendants should be enjoined from such violations of the Labor Law in the future.

COLLECTIVE ACTION ALLEGATIONS

58.  Under 29 U.S.C. § 216(b), Plaintiff Johnson seeks to assert these allegations and claims as a collective action:

> All persons whom Defendant employ and have employed as non-exempt employees at any of its New York locations at any time from July 17, 2020 to the entry of judgment in this case who were non-exempt employees under the FLSA (the "Collective Members").

59. Plaintiff Johnson and the Collective Members are similarly situated on several legal and factual issues, including:

    a. Defendants employed the Collective Members;

    b. Collective Members performed similar duties;

    c. Defendants failed to keep true and accurate time records for all hours Plaintiff and the Collective Members worked;

    d. Defendants willfully or recklessly violated the FLSA;

    e. Defendants failed to pay the Collective Members overtime compensation for hours worked in excess of 40 hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

    f. Defendants should be enjoined from violating the FLSA in the future; and

    g. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

<u>FIRST CAUSE OF ACTION</u>
**FAILURE TO PAY THE MINIMUM WAGE UNDER LABOR LAW**
(On Behalf of Plaintiff Johnson and the Class Members)

60. Plaintiff Johnson realleges every preceding allegation as if set forth fully herein.

61. Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Johnson and the Class Members.

62.    Defendants failed to pay Plaintiff Johnson and the Class Members the statutory minimum wage, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.1; N.Y. Lab. Law § 652.

63.    Defendants' practice of paying Plaintiff Johnson and the Class Members a flat daily cash rate, without regard to actual hours worked, resulted in an effective hourly rate below the applicable New York State minimum wage.

64.    Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Johnson and the Class Members the statutory minimum wage.

65.    Due to Defendants' Labor Law violations, Plaintiff Johnson and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>SECOND CAUSE OF ACTION</u>
FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff Johnson and the Collective Members)

66.    Plaintiff Johnson realleges every preceding allegation as if set forth fully herein.

67.    Plaintiff Johnson's consent in writing to be a party to this action under 29 U.S.C. § 216(b) is attached to this Complaint and incorporated by reference.

68.    Defendants employed Plaintiff Johnson and continue to employ Collective Members under the FLSA.

-13-

69.    Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

70.    Defendants were required to pay Plaintiff Johnson and the Collective Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

71.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff Johnson and the Collective Members the proper overtime compensation for their hours worked in excess of forty (40) hours per workweek.

72.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

73.    Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Johnson and the Collective Members' compensation.

74.    Defendants have failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

75.    Due to Defendants' FLSA violations, Plaintiff Johnson and the Collective Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE LABOR LAW
(On Behalf of Plaintiff Johnson and the Class Members)

76.    Plaintiff Johnson realleges every preceding allegation as if set forth fully herein.

77.    Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Johnson and the Class Members.

78.    The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Johnson and the Class Members.

79.    Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Johnson and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law § 650 *et seq*.

80.    Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Johnson and the Class Members the correct amount of overtime wages.

81.    Due to Defendants' Labor Law violations, Plaintiff Johnson and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>FOURTH CAUSE OF ACTION</u>
FAILURE TO PAY SPREAD OF HOURS UNDER THE LABOR LAW
(On Behalf of Plaintiff Johnson and the Class Members)

82.    Plaintiff Johnson realleges every preceding allegation as if set forth fully herein.

83.    New York State Department of Labor Regulations require employers to pay non-exempt employees one additional hour of pay at the basic minimum hourly wage rate for each day in which the spread of hours exceeds 10 hours. 12 N.Y.C.R.R. § 142-2.4.

84.    Plaintiff Johnson's workday regularly spanned more than 10 hours from start to finish, with shifts beginning at approximately 2:00 p.m. and ending at approximately 11:30 p.m. to midnight or later.

85.    Defendants failed to pay Plaintiff Johnson and the Class Members spread of hours compensation for any day in which their workday spanned more than 10 hours.

86.    Due to Defendants' NYLL violations, Plaintiff Johnson and the Class Members are entitled to recover from Defendants their unpaid spread of hours compensation, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

<u>FIFTH CAUSE OF ACTION</u>
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE LABOR LAW
(On Behalf of Plaintiff Johnson and the Class Members)

87.    Plaintiff Johnson realleges every preceding allegation as if set forth fully herein.

88.    Defendants have willfully failed to supply Plaintiff Johnson and the Class Members with the required Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

89.     Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiff Johnson and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b.

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT UNDER THE LABOR LAW
(On Behalf of Plaintiff Johnson and the Class Members)

90.     Plaintiff Johnson realleges every preceding allegation as if set forth fully herein.

91.     Defendants did not provide Plaintiff Johnson and the Class Members with a written wage statement specifying, inter alia, their hours worked, compensation rate, and any allowances, violating N.Y. Lab. Law § 195.3.

92.     Due to Defendants' violations of N.Y. Lab. Law § 195.3, Plaintiff Johnson and the Class Members are entitled to recover from Defendants $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Patrine Johnson, on her behalf and on behalf of the Class and Collective Members, respectfully requests this Court grant the following relief:

a.     Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Johnson and her counsel to represent the Class Members;

b.     Designating this action as a collective action on behalf of the Collective Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly

situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Johnson and her counsel to represent the Collective Members and tolling of the statute of limitations;

  c.  A declaratory judgment that the practices complained of herein violate the FLSA and the Labor Law;

  d.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

  e.  An award for unpaid minimum wage under the Labor Law;

  f.  An award for unpaid overtime premium pay under the Labor Law and the FLSA;

  g.  An award for unpaid spread of hours compensation under the Labor Law;

  h.  An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

  i.  An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

  j.  An award of liquidated damages as a result of Defendants' Labor Law violations;

  k.  An award of liquidated damages as a result of Defendants' willful FLSA violations;

  l.  Equitably tolling the statute of limitations under the FLSA;

m.      An award of pre-judgment and post-judgment interest;

n.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.      Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
      July 17, 2026

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Travis Pierre-Louis
420 Lexington Avenue, Suite 1830
New York, New York 10017-6705
212.392.4772
doug@lipskylowe.com
travis@lipskylowe.com
*Attorneys for Plaintiff*

-19-